**PRESTIGE LEGAL SOLUTIONS, P.C.**
Michelle Yang, Esq. (SBN 325467)
myang@plsfirm.com
6420 Wilshire Blvd., Ste. 1400
Orange, CA 90048
Telephone: (310) 758-1283
Fax: (310) 933-5821

Attorneys for Plaintiff,
**JUAN R. LOREDO**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN R. LOREDO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:25-cv-02115-MRA-KES<br><br>HON. JUDGE MONICA RAMIREZ ALMADANI<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: August 14, 2025<br><br>[*Filed concurrently with the Declaration of Michelle Yang*]<br><br><u>Hearing</u><br>Date: November 27, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B |

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 27, 2025, at 1:30 p.m., in Courtroom 9B of the Central District Court of California, Plaintiff Juan R. Loredo ("Plaintiff"), will and hereby does move this Court for an Order remanding the above-entitled action back to the Superior Court of the State of California for the County of Orange pursuant to Federal Rules of Civil Procedure 28 U.S.C. § 1447(c).

This motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Michelle Yang, Esq., the papers and pleadings on file in this action, and upon such further matters that may be presented at the hearing.

As required under Local Rule 7-3, all Parties conducted Microsoft Teams meet-and-confer conferences on October 8, 2025, raising, among other things, the issue of the timeliness of Defendant's removal. Despite Plaintiff's offer to stipulate to remand, Defendant has not agreed to do so as of the date of this filing (Declaration of Michelle Yang ¶ 9.)

Dated: October 17, 2025 **PRESTIGE LEGAL SOLUTIONS, P.C.**

_*/s/ Michelle Yang*_____
Michelle Yang, Esq.
Attorneys for Plaintiff,
**JUAN R. LOREDO**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

# TABLE OF CONTENTS


I. INTRODUCTION AND PROCEDURAL HISTORY .................................... 1

II. Statement of facts and procedural history ........................................................ 1

a. The nature of Plaintiff's claims .................................................................. 1

b. Plaintiff's State Court Complaint And Defendant's Notice Of Removal ...... 2

III. ALL PARTIES MET AND CONFERED PRIOR TO THE FILING OF PLAINITFF'S MOTION TO REMAND PURSUANT TO LOCAL RULE 7-3 .... 2

IV. DEFENDANT HAS THE BURDEN ON REMOVAL ................................ 2

V. DEFENDANT HAS FAILED TO CARRY ITS HEAVY BURDEN OF SHOWING THAT REMOVAL WAS PROPER .................................................. 3

a. Defendant Has Not Met Its Heavy Burden of Establishing That the Amount in Controversy Exceeds $75,000 ........................................................................ 5

i. The Relevant Legal Standard – Preponderance of Evidence ..................... 5

ii. Defendant Has Failed To Offer Any Evidence Of Actual Damages ......... 6

iii. Defendant Has Failed To Present Any Evidence Of Civil Penalties .......... 9

iv. Defendant Has Offered No Evidence Of Attorneys' Fees ....................... 12

VI. CONCLUSION ......................................................................................... 15


PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

# TABLE OF AUTHORITIES

Cases

*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) .......... 3
*Barrett v. FCA US LLC*, Case No. SA CV 21-00243-DOC-DFMx, 2021 WL 1263838 (C.D. Cal. Apr. 5, 2021) .......... 10, 14
*Buchner v. FDIC*, 981 F. 2d 816 (5th Cir. 1993) .......... 4
*Castillo v. FCA USA, LLC,* Case No. 19-cv-151-CAB-MDD, 2019 WL 6607006 (S.D. Cal. Dec. 5, 2019) 14
*Chajon v. Ford Motor Co.*, 2019 WL 994019 .......... 6, 7, 12
*Chavez v. FCA UC, LLC,* No. 2:19-cv-06003-ODW-GJSX, 2020 WL 468909 (C.D. Cal. Jan 27, 2020) .. 11
*City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) .......... 3
*Cox v. Kia Motors America, Inc.*, 2020 WL 5814518 (N.D. Cal. Sept. 20, 2020) .......... 9
*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854 (2006) .......... 4
*Echemendia v. Subaru of Am., Inc.*, Case No. 2:20-cv-09243-MCS-JEM, 2020 WL 7311348 (C.D. Cal. Dec. 11, 2020) .......... 7, 12
*Edwards v. Ford Motor Co.,* No. CV 16-05852-BRO-PLAX, 2016 WL 6583585 .......... 11
*Esparza v. FCA US LLC*, No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600 (C.D. Cal. Mar. 12, 2021) 10, 14
*Estrada v. FCA US LLC*, Case No. CV 20-10453 PA (JPRx), 2021 WL 223249 (C.D. Cal. Jan. 21, 2021) .......... 10, 14
*Ethridge v. Harbor House Rest*, 861 F.2d 1389 (9th Cir. 1988) .......... 4
*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) .......... 3, 6, 15
*Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102 (9th Cir. 2010) .......... 3
*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (2007) .......... 5

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

*Gunn v. Minton*,
568 U.S. 251 (2013)........................................................................................3
*Harris v. Bankers Life and Cas. Co.*,
425 F.3d 689 (9th Cir.2005) ...........................................................................4
*Henderson ex rel. Henderson v. Shinseki*,
562 U.S. 428, 434, 131 S. Ct. 1197 (2011)......................................................4
*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 at 702, 102 S. Ct. 2099 (1982)...................................................4
*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*,
500 U.S. 72 (1991)..........................................................................................4
*Jackson v. Mercedes-Benz USA, LLC*,
Case No. 5:20-CV-01681-DOC-KK, 2020 WL 7090839 (C.D. Cal. Dec. 2, 2020)......................................................................................7, 12
*Kaplan v. Central Bank of the Islamic Republic of Iran*,
896 F.3d 501 (D.C. Cir. 2018).........................................................................4
*Khachatryan v. BMW of North America, LLC*, 2021 WL 927266 ............................................................10, 14
*Luther v. Countrywide Home Loans Servicing LP*,
533 F.3d 1031 (9th Cir. 2008) .........................................................................3
*Makol v. Jaguar Land Rover North America, LLC*,
2018 WL 3194424 (N.D. Cal., June 28, 2018)..................................................9
*Millan v. FCA US LLC*,
Case No.: 20cv328 JM (MDD), 2020 WL 3604132 (S.D. Cal. July 2, 2020) ...11
*Moore-Thomas v. Alaska Airlines, Inc.*,
553 F.3d 1241 (9th Cir. 2009) .........................................................................3
*MTB Enterprises, Inc. v. ADC Venture 2011-2, LLC*,
780 F3d 1256 (9th Cir. 2015) ..........................................................................4
*Prize Frize, Inc. v. Matrix (U.S.) Inc.*,
167 F.3d 1261 (9th Cir. 1999) .........................................................................3
*Provincial Gov't of Marinduque v. Placer Dome, Inc.*,
582 F.3d 1083 (9th Cir. 2009) .........................................................................3
*Ronquillo v. BMW of N. Am., LLC*,
Case No.: 3:20-cv-1413-W-WVG, 2020 WL 6741317 (S.D. Cal. Nov. 17, 2020) ......................................................................................................11
*Sami Sarangi Nejad v. FCA US, LLC, et al.*,
No. 2:20-cv-02252-RGK (AGRx), 20 WL 2079983 (C.D. Cal. April 29, 2020) ......................................................................................................10
*Sanchez v. Monumental Life Ins. Co.*,
102 F.3d 398 (9th Cir. 1996) .......................................................................5, 6
*Savall v. FCA US LLC*, No. 21CV195 JM (KSC),
2021 WL 1661051 (S.D. Cal. Apr. 28, 2021)...........................................7, 10, 12

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

*Schneider v. Ford Motor Co.*,
441 F. Supp. 3d 909 (N.D. Cal. Mar. 2, 2020) .......... 6, 13
*Scott v. Breeland*,
792 F.2d 925 (9th Cir. 1986) .......... 3
*Serran v. Pac. Coast Feather Cushion Co.*,
2017 WL 3720630 (C.D. Cal. Aug. 28, 2017) .......... 13
*Shamrock Oil & Gas Corp. v. Sheet*,
313 U.S. 100 (1941) .......... 3, 4
*Shelton v. Ford Motor Company*,
2019 WL 126851 (C.D. Cal. Jan. 7, 2019) .......... 12
*Steeg v. Ford Motor Co.*,
No. 19-CV-05833-LHK, 2020 WL 2121508 (N.D. Cal. May 5, 2020) .......... 5, 6, 13
*Stelzer v. CarMax Auto Superstores California, LLC*,
No. 13-CV-1788-LAB-JMA, 2013 WL 6795615 (S.D. Cal. Dec. 20, 2013) .......... 14
*Wastier v. Schwan's Consumer Brands*,
No. 07CV1594, 2007 WL 4277552 (S.D. Cal. Dec. 5, 2007) .......... 14

Other Authorities

Cal. Civ. Code § 1794.9(c) .......... 9
Cal. Civ. Code § 1793.2(d)(2)(C) .......... 8
Judicial Council of California Civil Jury Instructions (CACI) No. 3201 .......... 8

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

On August 14, 2025, Plaintiff Juan R. Loredo ("Plaintiff") filed this action in the Superior Court of California for the County of Orange, against Defendant General Motors LLC ("Defendant" and "GM") alleging breach of implied and express warranties under the (1) California Song-Beverly Consumer Warranty Act ("SBA") and (2) violations of the Federal Magnuson-Moss Warranty Act ("MMWA ") arising out of Plaintiff's purchase of a 2021 Chevrolet Colorado ("Subject Vehicle"). (Declaration of Michelle Yang ¶ 3.)

The issues related to Defendant's deficient removal were brought to Defendant's Counsel's attention on October 8, 2025, when counsel for the Parties held a Local Rule 7-3 Conference. (Declaration of Michelle Yang ¶ 9.) Plaintiff's Counsel informed Defendant's counsel of their intention to file a Motion to Remand given that Defendant's Notice of Removal fails to meet its heavy burden of establishing that the amount in controversy satisfies the federal jurisdictional threshold for diversity. As a result, this Court has no jurisdiction over Plaintiff's claims. Therefore, Plaintiff's Motion to Remand should be granted in its entirety, and this case remanded to the Superior Court of California, County of Orange, Plaintiff's chosen forum.

## II. Statement of facts and procedural history

### a. The nature of Plaintiff's claims

On December 28, 2020 Plaintiff purchased a 2021 Chevrolet Colorado vehicle. (*See* Comp., ¶ 6.) In connection with taking possession of the vehicle, Plaintiff received various warranties in which Defendant undertook to preserve or maintain the utility or performance of the Subject Vehicle or to provide compensation if there was a failure in utility or performance for a specified time period. (*Id*., ¶ 11.) During the warranty period, the Subject Vehicle contained or developed defects, which substantially impair the use, value, or safety of the

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

Subject Vehicle. (*Id.*, ¶ 12.) Defendant and its representatives have been unable to service or repair the Subject Vehicle to conform to the applicable express and implied warranties. (*Id.*, ¶ 14.)

**b. Plaintiff's State Court Complaint And Defendant's Notice Of Removal**

On August 14, 2025, Plaintiff initially filed this action, in Plaintiff's chosen forum, the Orange County Superior Court, alleging causes of action against Defendant for violations of the Song-Beverly Consumer Warranty Act, for breach of the express written warranty and for breach of the implied warranty of merchantability and violations of California Civil Code section 1793.2(b). (*See generally*, Comp.)

On September 18, 2025, Defendant filed their Notice of Removal with the Central District, relying on 28 U.S.C. §§ 1332 and 1446, ECF No. 1. (*See generally*, Notice of Removal.) However, Defendant has failed to establish that this Court has jurisdiction, as Defendant has not carried its burden of establishing that the amount in controversy satisfies the jurisdictional threshold. Thus, this matter should be remanded.

## III. ALL PARTIES MET AND CONFERED PRIOR TO THE FILING OF PLAINITFF'S MOTION TO REMAND PURSUANT TO LOCAL RULE 7-3

As required under Local Rule 7-3, all Parties conducted a Microsoft Teams meet-and-confer conference on October 8, 2025, raising, among other things, the issue of the timeliness of Defendant's removal. Despite Plaintiff's offer to stipulate to remand, Defendant has not agreed to do so as of the date of this filing. (Declaration of Michelle Yang ¶ 9.)

## IV. DEFENDANT HAS THE BURDEN ON REMOVAL

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). *See also, Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

If there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). "[A]ny doubt about the right of removal requires resolution in favor of remand." (*Moore-Thomas,* 553 F.3d, 1244.) In short, "...federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d, at 566. "[Courts] strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d, at 566; *See also, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

## V. DEFENDANT HAS FAILED TO CARRY ITS HEAVY BURDEN OF SHOWING THAT REMOVAL WAS PROPER

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. section 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See, City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. See 28 U.S.C. §

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

Remand must be ordered for any defect in the removal procedure. 28 U.S.C. § 1447(c). In order "to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir.2005) citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108-09 (1941). Where "there is any doubt as to the right of removal in the first instance, remand ***must*** be ordered*." Ethridge v. Harbor House Rest*, 861 F.2d 1389, 1393 (9th Cir. 1988). Emphasis added. *See Buchner v. FDIC*, 981 F. 2d 816, 820 (5th Cir. 1993); 28 U.S.C. § 1447 (c). A district court, "...***must*** act on a timely **motion to remand** based on a defect in removal procedure." *Id.* at 219. Emphasis added. Additionally, Indeed, the courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See, DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).[1]

Defendant has fallen far short of carrying its heavy burden of proof of showing that removal was proper because Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75,000. (28 U.S.C. § 1332(a)(1)).

---

[1] Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time—even for the first time on appeal. (*Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434, 131 S. Ct. 1197, 1202 (2011); *Kaplan v. Central Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ("A defect of subject-matter jurisdiction is non-waivable").) In particular, a party does not waive defective subject matter jurisdiction by failing to raise the challenge early in the proceedings. (*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694 at 702, 102 S. Ct. 2099 at 2104 (1982); *Henderson ex rel. Henderson*, 562 US at 434-435 (objections to subject matter jurisdiction may be raised even after party has lost at trial); *MTB Enterprises, Inc. v. ADC Venture 2011-2, LLC* 780 F3d 1256, 1258 (9th Cir. 2015) (appellant permitted to challenge jurisdiction for first time on appeal).)

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

**a. Defendant Has Not Met Its Heavy Burden of Establishing That the Amount in Controversy Exceeds $75,000**

**i. The Relevant Legal Standard – Preponderance of Evidence**

Civil cases not arising under federal law are removable to federal court only if each plaintiff's citizenship is different from each defendant's citizenship, and the amount in controversy exceeds $75,000. (28 U.S.C. § 1332(a)). Where it is unclear or ambiguous from the face of the state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, ***by a preponderance of the evidence***, that the amount in controversy exceeds the jurisdictional amount. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).3 In particular, where a plaintiff estimates damages in the body of the complaint, but does not repeat it in the prayer for relief, the complaint does not allege a sufficiently specific total amount in controversy, and the preponderance of the evidence burden of proof therefore falls on the removing defendant. *Guglielmino*, 506 F.3d at 701.

Because it is unclear from the face of the Complaint that the Federal threshold is exceeded, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Guglielmino*, 506 F.3d at 701. *See also, Steeg v. Ford Motor Co*., No. 19-CV-05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020).

Under the preponderance of the evidence standard, the defendant bears the burden of providing ***evidence*** establishing that it is more likely than not that the amount in controversy exceeds the threshold amount. *Guglielmino*, 506 F.3d at 701. In the absence of record evidence on this point, a defendant fails to satisfy its burden of proof. *Sanchez*, 102 F. 3d at 405 (defendant provided the court "with absolutely no evidence" that would allow it to determine the amount in controversy); *Gaus*, 980 F.2d at 567 ("Mobay simply alleges that 'the matter in

current controversy ... exceeds the sum of $50,000.' This allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies Mobay's burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000."); *see also, Schneider v. Ford Motor Co*., 441 F. Supp. 3d 909 (N.D. Cal. Mar. 2, 2020); *Steeg*, *supra*, 2020 WL 2121508, at *3.

Here, the Defendant has presented no evidence of either actual damages or civil penalties under the SBA.

**ii. Defendant Has Failed To Offer Any Evidence Of Actual Damages re**

First, Defendant argues that it has met its burden because "the combination of actual damages, civil penalties, past, and conservatively calculated future attorney's fees, the amount in controversy meaningfully exceeds $75,000." Defendant's argument assumes these allegations alone place the amount-in-controversy over $75,000. (Dkt. 1, Notice of Removal, 6:10-12.) Yet these assertions are entirely conclusory. Courts have consistently rejected such speculative claims as insufficient to establish subject matter jurisdiction. *Chajon v. Ford Motor Co.*, 2019 WL 994019, at *1. Here, **Defendant offers no competent evidence quantifying damages**, penalties, or fees. Absent such evidence, Defendant fails to carry its burden of proving that the amount in controversy exceeds the jurisdictional threshold.

Defendant then argues that "GM has estimated the purchase price for the subject 2021 Chevrolet Colorado to be $29,668.16. GM's preliminary investigation also estimated $8,404.68 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity." (Notice of Removal, 5:4-9.) Therefore, the "plausible estimate of actual damages of $21,263.48." (*Id.*)



PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

Defendant's failure to calculate an amount in controversy over $75,000 notwithstanding, Defendant's assertion that $21,263.48 is a valid and appropriate estimate of Plaintiff's *actual damages* is fatally speculative, as Defendant has provided no evidence to support such an assertion.

To satisfy its burden, **Defendant must present specific facts regarding the Subject Vehicle's sales agreement and actual use. Without these details, the amount in controversy cannot be reliably calculated.** *See, Savall v. FCA US LLC*, No. 21CV195 JM (KSC), 2021 WL 1661051, at *2 (S.D. Cal. Apr. 28, 2021) (**FCA cited the retail sales installment sales contract to establish actual damages, but failed to argue that Plaintiff made all interest payments on the vehicle, and thus actual damages were unclear);** *Jackson v. Mercedes-Benz USA, LLC*, Case No. 5:20-CV-01681-DOC-KK, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020) (**noting that the installment contract indicated a down payment, but faulting defendant because there were no facts indicating how many payments had been made**); *Echemendia v. Subaru of Am., Inc.*, Case No. 2:20-cv-09243-MCS-JEM, 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020) (faulting the defendant for citing the purchase price as the plaintiff's actual damages, "without accounting for finance charges, evidence concerning when repairs were made, or anything else that could allow the Court to reliably estimate actual damages"); *Chajon v. Ford Motor Company*, No. 18-10533 RGK, 2019 WL 994019, at *1 (C.D. Cal., Jan. 8, 2019) (finding that Ford's reliance on the manufacturer's suggested retail price, without facts such as *sales price*, *financing*, *payments made*, *miles driven*, was insufficient to meet the burden of proof on the amount in controversy… "[w]ithout these facts, the Court is left with considerable doubt as to the amount in controversy."). Defendant has *made no attempt* to furnish any such evidence here.

Further, Defendant alleges that "GM's preliminary investigation also estimated $8,404.68 in total deductions including estimates of statutorily required

deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity." (Notice of Removal, 5:4-9.) Defendant's attempts to address the mileage offset fall *far below* its burden on removal, as Defendant offers nothing more than its own *self-serving* representation (without *any* evidentiary support) to assert a mileage offset. (*See generally*, Notice of Removal.)

Defendant's Notice of Removal illustrates a fundamental misunderstanding of the law in its treatment of the mileage offset. The calculation of a mileage offset is not a matter of assumption or speculation; it requires a fact-specific inquiry. To determine the mileage offset, the trier-of-fact must first identify "the problem that gave rise to the nonconformity." *See* CACI 3201 (requiring the jury to determine whether the vehicle had a defect covered by warranty and that substantially impaired its use, value, or safety). Once it does so, it must then identify "the first time the buyer delivered the vehicle to the manufacturer or distributor for correction of the problem …." See Cal. Civ. Code § 1793.2(d)(2)(C). n other words, the trier of fact must identify the first repair attempt for the defect that substantially impaired the vehicle's use, value, or safety. Defendant, however, makes no such identification. It does not point to any specific defect, much less the date or mileage of the first repair attempt, from which a mileage offset could even be calculated. In the absence of this essential information, Defendant's analysis lacks any evidentiary foundation. Its unsupported assumptions are legally insufficient to satisfy the burden of establishing the amount in controversy.

Accordingly, Defendant's estimation of Plaintiff's actual damages is fatally speculative, and not supported by facts or evidence presented in Defendant's Notice of Removal, or from the face of Plaintiff's Complaint. Further, since Defendant's calculations are based on speculatory estimates, Defendant's further calculations are, likewise, *fatally* speculative, and fall far below meeting Defendant's *evidentiary* burden on removal.

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

**iii. Defendant Has Failed To Present Any Evidence Of Civil Penalties**

The SBA merely *permits* a plaintiff to obtain a civil penalty of *up to* two times the amount of actual damages. (*See* Cal. Civ. Code § 1794.9(c).) Defendant, however, has proffered no evidence whatsoever that Plaintiff will receive the maximum amount of civil penalties—or, indeed, any penalties at all. Rather, Defendant merely *assumes* a civil penalty award. *See, e.g.*, *Makol v. Jaguar Land Rover North America, LLC*, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) (finding that Jaguar did not meet its burden of proof on the amount in controversy because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant 'must provide evidence that it is 'more likely than not' that the amount in controversy' requirement is satisfied."); *Limon-Gonzalez*, No. 2:20-CV-04381-PA-JPR, 2020 WL 3790838, at *3-4 (C.D. Cal. July 7, 2020) (same in the context of MMWA amount in controversy); *Cox v. Kia Motors America, Inc.*, 2020 WL 5814518, at *5 (N.D. Cal. Sept. 20, 2020) (same in the context of MMWA amount in controversy).

Defendant provides a singular argument to support the *assumption* of double civil penalties, "GM's preliminary investigation into the vehicle repair history and related case history revealed that Plaintiff is more likely than not to actually seek civil penalties in this matter." (Notice of Removal, 5:20-26.) However, as a District Court recently ruled when finding defendant's Notice of Removal insufficient to meet its burden on removal:

> Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded…If such boilerplate allegations were sufficient to defeat remand, then virtually any Song-Beverly action involving a new vehicle purchase would remain in federal court. Accordingly, FCA has failed to meet its burden of

> showing that the full civil penalty available under the Song-Beverly Act should be included in the amount in controversy.

*Savall*, 2021 WL 1661051 at *3 (S.D. Cal. Apr. 28, 2021).

Merely assuming the existence of a civil penalty award is insufficient to meet Defendant's *evidentiary* burden. Instead, **Defendant is required to offer evidence of willfulness that might support such an award**. *See, Savall*, 2021 WL 1661051 at *3 (S.D. Cal. Apr. 28, 2021); *Esparza v. FCA US LLC*, No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021) (declining to include speculative civil penalties because they are to be determined by the court based on the specific facts of the case); *Quinones*, 2020 WL 4437482 at *2 ("Moreover, while civil penalties are available for *willful* failure to comply with the Song-Beverly Act, Defendant has not offered any evidence of willfulness which might support such an award.") (emphasis in original). *See also, Sami Sarangi Nejad v. FCA US, LLC, et al.,* No. 2:20-cv-02252-RGK (AGRx), 20 WL 2079983, at *1 (C.D. Cal. April 29, 2020) ("As to civil penalties, the Song-Beverly Act allows a plaintiff to recover up to two times the amount actual damages for a willful violation of the Act. However, as stated above, there are insufficient facts going to the amount of actual damages. Therefore, the starting point is also speculative, at best. Nor has Defendant has not offered any evidence to support such an award at all."); *Barrett v. FCA US LLC*, Case No. SA CV 21-00243-DOC-DFMx, 2021 WL 1263838, at *3 (C.D. Cal. Apr. 5, 2021) (declining to include "speculative" civil penalties in the amount in controversy); *Khachatryan v. BMW of North America, LLC*, 2021 WL 927266, at *2 (a defendant must show a two times civil penalty is more likely than not to be awarded); *Estrada v. FCA US LLC*, Case No. CV 20-10453 PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (defendant must make some effort to justify the assumption of civil penalties); *Echemendia*, 2020 WL 7311348 at *2 (faulting the defendant for failing to cite any "allegations suggesting the type of

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

willfulness required to justify civil penalties, let alone . . . . how much those penalties might be"); *Ronquillo v. BMW of N. Am., LLC*, Case No.: 3:20-cv-1413-W-WVG, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020) ("Defendant fails to identify the allegations in the Complaint it believes would justify such an award; nor does Defendant submit evidence regarding the size of civil penalties awarded in analogous cases."); *Millan v. FCA US LLC*, Case No.: 20cv328 JM (MDD), 2020 WL 3604132, at *2 (S.D. Cal. July 2, 2020) ("FCA provides no proof regarding the likelihood of a civil penalty being awarded in this case, or that the full civil penalty would be applied. Accordingly, FCA has failed to meet its burden of showing that the full civil penalty available under the Song-Beverly Act should be included in the amount in controversy.").

Defendant's civil penalty *assumption* is problematic for another reason as well: "If the amount of actual damages is speculative, … an attempt to determine the civil penalty is equally uncertain." *Chavez v. FCA UC, LLC,* No. 2:19-cv-06003-ODW-GJSX, 2020 WL 468909, at *2 (C.D. Cal. Jan 27, 2020) (citing *Edwards v. Ford Motor Co.,* No. CV 16-05852-BRO-PLAX, 2016 WL 6583585, at *4).

As noted above, Defendant's estimate of actual damages is *fatally* speculative. (See above discussion re: *actual* damages). In lieu of providing any evidence, facts, or analysis, Defendant instead simply posits, without more, that the amount in controversy, ***after including speculative attorneys' fees and costs,*** exceeds $75,000. (*See generally*, Notice of Removal.) Further, Defendant's proposed mileage offset calculation is *entirely self-serving*, not supported by *any* evidentiary basis, and is not surprising considering Defendant's concession of low base damages, accounting for non-manufacturer options and rebates. As such, Defendant's argument relies purely on speculation, making its estimate of Plaintiff's *actual* damages fatally speculative. (*See, Jackson*, 2020 WL 7090839 at

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

*2; *Echemendia*, 2020 WL 7311348 at *2; *Chajon v. Ford Motor Company*, No. 18-10533 RGK, 2019 WL 994019, at *1 (C.D. Cal., Jan. 8, 2019).)

Consequently, it is impossible to determine from the face of Plaintiff's Complaint the amount of potential civil penalties, and Defendant's *speculatory* and *conclusory* statements lack supporting evidence and facts. Accordingly, the Court is unable to determine what civil penalties *might* be imposed. Put differently, Defendant has failed to satisfy the burden of proof necessary to include civil penalties in the amount in controversy, and thus they should be excluded from the amount-in-controversy.

**iv. Defendant Has Offered No Evidence Of Attorneys' Fees**

Finally, Defendant appears to suggest that attorneys' fees should be included in the amount in controversy calculation, relying solely on Defendant's representation that a "reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000." (Notice of Removal 5:27-6:9.) But, consistent with the rest of its Notice of Removal, Defendant proffers **no proof** regarding attorneys' fees for this matter. Defendant's NOR is, again, merely self-serving and conclusory, and fails to adequately compare *this* case to any of the cases referenced in its NOR, or to specify how any of the potentially relevant cases in the NOR reflect a reasonable and accurate estimate of the attorneys' fees in *this* matter. Defendant's manifestly self-serving, subjective, and *conclusory* beliefs about the purported amount of attorneys' fees in controversy are plainly insufficient to meet Defendant's heavy burden of proof on removal and, at best, are *purely speculative*. In truth, courts have found vehicle manufacturer's counsel's litigation experience to be irrelevant to establishing jurisdiction. *See, Shelton v. Ford Motor Company*, 2019 WL 126851, at *2 (C.D. Cal. Jan. 7, 2019).

Defendant's unsupported, generic statements do not constitute evidence of the amount of attorneys' fees. *See, Savall*, 2021 WL 1661051 at *3 ("Here, FCA provides no estimate as to Plaintiff's attorneys' fees that have accrued or will

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

accrue. Without making some effort to set forth the value of attorneys' fees plaintiff is expected to incur, or that plaintiff has incurred, FCA has failed to meet its burden of showing that the amount of attorneys' fees at issue satisfies the amount in controversy. Accordingly, there is doubt as to the amount of possible attorneys' fees that could be included in the amount in controversy."); *Mahlmeister, supra*, 2021 WL 1662578, at *3 ("The Court finds that Defendant fails to demonstrate by a preponderance of the evidence that the attorney's fees in this case will be at least $25,000. Indeed, Defendant submits a declaration that states conclusorily [sic] that damages are likely more than $35,000 and potentially even more than $100,000. At no point does Defendant explain how this amount is determined, what factors about this specific case make these calculations more likely than not, or how other similar cases have resulted in fees that satisfy the amount in controversy."); *Steeg*, 2020 WL 2121508, at *5 (rejecting counsel's declaration that "it is not uncommon, and [is] in fact quite regular, for attorneys' fees and costs awards … to exceed $50,000.").

As discussed above, Defendant makes no attempt to analogize the actual facts or circumstances of *this* case to other potentially relevant cases. *See, e.g., Serran v. Pac. Coast Feather Cushion Co*., 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ("Defendants attempt to satisfy their burden by citing cases that supposedly had 'allegations similar to this one' . . . [but] Defendants do not compare the allegations and circumstances of those cases with those of the instant matter. Thus, Defendants' citation to these cases does not satisfy their burden of showing the amount in controversy through evidence and argument.") (citation omitted); *Schneider*, 2020 WL 991531 at *4 ("Defendants point to the $300,000 fee recently claimed by Plaintiff's counsel in another Ford Motor case. Yet, Defendants fail to explain how that case accords with this case. All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

contrast the litigation strategies or the litigation timelines of the two cases."); *Barrett*, 2021 WL 1263838, at *3 (declining to award "speculative" attorneys' fees); *Esparza*, 2021 WL 949600, at *1 (noting that some courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years depending on legal strategy); *Khachatryan*, 2021 WL 927266, at *2 (faulting defendant for failing to cite any examples of the attorneys' fees that Plaintiff sought in other analogous cases); *Estrada*, 2021 WL 223249, at *3 (faulting defendant for making no effort to explain the amount of attorneys' fees might be sought or awarded).

Without making some effort to set forth the value of attorneys' fees Plaintiff is expected to incur, or that Plaintiff has incurred, Defendant has failed to meet its burden of showing that the amount of attorneys' fees at issue satisfies the necessary amount in controversy. *See, Castillo v. FCA USA, LLC,* Case No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Herko*, 2019 WL 5587140, at *2; *see also; Stelzer v. CarMax Auto Superstores California, LLC*, No. 13-CV-1788-LAB-JMA, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013) (stating that the court was inclined to find that attorneys' fees incurred after the date of removal should not be included in the amount in controversy); *Wastier v. Schwan's Consumer Brands*, No. 07CV1594, 2007 WL 4277552, at *3 (S.D. Cal. Dec. 5, 2007) (finding that attorneys' fees "for activities anticipated but not yet performed, even if accurate," may be "irrelevant" to the amount in controversy, and in any event, should not be included because the estimate was "speculative, lacked evidentiary support, and was conclusory at best").

Thus, in addition to Defendant's erroneous estimation of damages (including civil penalties), Defendant fails to establish that attorneys' fees should be included in the amount in controversy calculations, demonstrating that Defendant's estimates are completely *speculative*. Defendant's Notice of Removal

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

is devoid of facts and evidence necessary to support its argument that the $75,000.00 amount in controversy has been met.

## VI. CONCLUSION

Defendant has not met its burden of meeting the amount in controversy requirement. Because federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance (*Gaus*, 980 F.2d at 566), Plaintiff respectfully requests that the Court remand this action back to the Orange County Superior Court, Plaintiff's chosen forum.

Dated: October 17, 2025

**PRESTIGE LEGAL SOLUTIONS, P.C.**

_*/s/ Michelle Yang*_______
Michelle Yang, Esq.
Attorneys for Plaintiff,
**JUAN R. LOREDO**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Orange, California; my business address is 6420 Wilshire Blvd., Ste. 1400 Orange, CA 90048.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Orange, California on October 17, 2025.

*/s/ Michelle Yang*
Michelle Yang

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Orange, CA 90048