UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02115-MRA-KES | Date | December 16, 2025 |
| Title | *Juan R. Loredo v. General Motors, LLC* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| Priscilla Deason for Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]**

Before the Court is Plaintiff's Motion to Remand (the "Motion"). ECF 13. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion.

I.   **BACKGROUND**

Plaintiff Juan Loredo ("Plaintiff") filed this lawsuit against Defendant General Motors, LLC ("Defendant" or "GM") and Does 1 through 10 for violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). ECF 1-1. Plaintiff alleges that, on or about December 28, 2020, he purchased a 2021 Chevrolet Colorado from GM. *Id.* ¶¶ 6, 9. GM provided an express written warranty for the vehicle. *Id.* ¶ 11. During Plaintiff's ownership of the vehicle, the vehicle manifested serious defects and nonconformities—including suspension and transmission system defects—subject to and covered by GM's warranty. *Id.* ¶ 12. Although Plaintiff took the vehicle to GM to be repaired, GM failed to repair or replace the vehicle or pay Plaintiff any restitution in violation of state law. *Id.* ¶¶ 14, 15. Plaintiff alleges that GM's failure to comply with California law was willful, and that he is entitled to relief. *Id.* ¶¶ 17, 24, 28. Specifically, Plaintiff seeks actual, consequential, and incidental damages according to proof; restitution; a civil penalty in the amount of two times Plaintiff's actual damages; remedies authorized by the California Commercial Code; costs of litigation, including attorneys' fees; prejudgment interest; and other equitable or legal relief as the Court deems proper. *Id.* at 11.

On August 14, 2025, Plaintiff filed this action in Orange County Superior Court. ECF 1-1. On September 18, 2025, Defendant removed the case to federal court based on diversity jurisdiction. ECF 1. On October 17, 2025, Plaintiff filed the instant Motion, arguing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02115-MRA-KES | Date | December 16, 2025 |
|---|---|---|---|
| Title | *Juan R. Loredo v. General Motors, LLC* | | |

Defendant failed to show that the amount in controversy exceeds $75,000. ECF 13. Plaintiff does not challenge the diversity of the parties; Plaintiff is a resident of California and GM is a limited liability company with its principal place of business in Michigan. Defendant opposes the Motion. ECF 15. Plaintiff filed a Reply. ECF 16.

## II.   LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction to hear an action where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1).

The removing defendant bears the burden of establishing that removal is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[A] notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014)). But "evidence showing the amount in controversy is required . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (quotation marks and citation omitted). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88. "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

## III.   DISCUSSION

The Court finds that it has diversity jurisdiction over this action because Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. In determining the amount in controversy, courts must consider the "maximum recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927. In *Fritsch*, the Ninth Circuit explained that the amount in controversy is the "amount at stake in the underlying litigation," which "includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." 899 F.3d at 793 (citing and quoting *Gonzales v. CarMax Auto Superstores,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02115-MRA-KES | Date | December 16, 2025 |
|---|---|---|---|
| Title | *Juan R. Loredo v. General Motors, LLC* | | |

*LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Id.* This Court agrees with multiple courts that have held that civil penalties, in addition to actual damages, should be considered because they are part of what the plaintiff has put in controversy in the underlying litigation. *See Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *9 (C.D. Cal. Apr. 5, 2023) (collecting cases).

Under the Song-Beverly Act, damages are measured by "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1). Defendant submits the sales purchase agreement as evidence that the vehicle's purchase price was $29,668.16. ECF 15-1 ("Ihara Decl.") ¶ 2; ECF 15-2 (providing a copy of the purchase agreement as Ex. A). Plaintiff argues that the purchase agreement is insufficient to establish actual damages because Defendant cannot show that Plaintiff paid the entire purchase price. ECF 16 at 7–8. Defendant concedes the "value is not certain without Plaintiff's loan payment history" but argues that "the estimate is a 'reasonable assumption'" under the circumstances. ECF 15 at 11 (citing *Arias*, 936 F.3d at 922). The Court agrees. Plaintiff's complaint does not provide any information about whether Plaintiff paid the full purchase price; it does not even mention the price of the vehicle. Absent any evidence to the contrary—which Plaintiff has not presented—Defendant reasonably relies on the purchase price of the vehicle as an estimate of the damages at issue. *See Perez v. Rose Hills Co.*, 131 F.4th 804, 806 (9th Cir. 2025) ("In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint."). Applying the mileage offset formula set forth in the Song-Beverly Act,[1] Defendant then identifies an offset of $5,229.14. ECF 15 at 11. For this estimate, Defendant relies on repair records, which show that Plaintiff first took the vehicle to the dealership for repair on July 18, 2022. Ihara Decl. ¶ 3; ECF 15-3 (providing a copy of the vehicle repair history as Ex. B). At the time of the repair, the vehicle had accrued 25,226 miles. ECF 15 at 11. Defendant also identifies $1,000 in additional offsets.[2] Subtracting these offsets from the purchase price, Defendant has established by a preponderance of the evidence that the actual damages at issue are approximately **$23,439.02**. *Id.* at 12.

---

[1] Dividing this number by 120,000 and multiplying this by the cash price of the subject vehicle—$27,017.00—results in an estimated mileage offset of $5,229.14. *See* ECF 15 at 11.

[2] Defendant identified other offsets for optional third-party contracts and rebates amounting to a total of $1,000.00. Ihara Decl., Ex. A; *see* Cal. Civ. Proc. Code § 871.27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02115-MRA-KES | Date | December 16, 2025 |
|---|---|---|---|
| Title | *Juan R. Loredo v. General Motors, LLC* | | |

Under the Song-Beverly Act, the maximum civil penalty is two times the amount of actual damages. Cal. Civ. Code § 1794(c). Plaintiff alleges that Defendant willfully violated the Song-Beverly Act and seeks "a civil penalty in the amount of two times Plaintiff's actual damages." ECF 1-1 at ¶¶ 17, 24, 28. Based on the estimated damages, Defendant submits that the maximum civil penalty recoverable in this case is **$46,878.04**. ECF 15 at 15. Plaintiff argues that Defendant has failed to meet its burden because it has not proffered any evidence to support that such a penalty is more likely than not to be awarded. ECF 13 at 15–18. But doing so "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *Selinger*, 2023 WL 2813510 at *9. Moreover, GM has presented evidence that the vehicle was presented for repair at least eight times, which would support Plaintiff's claim that GM willfully failed to repair the vehicle. *See* Ihara Decl., Ex. B. Thus, Defendant has done enough to establish the potential for civil penalties without having to prove up its own liability and without merely relying on boilerplate allegations.

The Song-Beverly Act also allows for the recovery of attorneys' fees. *See* Cal. Civ. Code § 1794(d). Contrary to Plaintiff's contention, GM's attorney's fees estimates are well supported and sufficient to meet its burden. Defendant provides a fee estimate of **$33,300.00** "based on GM's counsel's prior experience with fees sought by Plaintiff's counsel, Prestige Legal Solutions, and based on Plaintiff's recent demands in dozens of recent motions to remand," which Defendant identifies in its Opposition. *See* ECF 15 at 16. GM's counsel further explains in her signed declaration that she "review[ed] dozens of declarations filed in support of motions to remand in similar lemon law actions, identifying Plaintiff's counsel billable rate of $450 per hour for even routine litigation tasks," and then itemized the pre-trial work for which Plaintiff will likely seek past and future attorney's fees. *See* Ihara Decl. at ¶¶ 5-6. Based on this information, the Court is satisfied that Defendant has met its burden. The estimated fees are substantive and reasonable.

Thus, considering all these factors, Defendant has established by a preponderance of the evidence that the "maximum recovery the plaintiff could reasonably recover" is at least **$103,617.06**. This exceeds the amount-in-controversy requirement. The Court has diversity jurisdiction over this action.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand [13] is **DENIED**.

**IT IS SO ORDERED.**

\_\_\_   :   \_\_\_

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 8:25-cv-02115-MRA-KES | Date | December 16, 2025 |
|---|---|---|---|
| Title | *Juan R. Loredo v. General Motors, LLC* | | |

Initials of Deputy Clerk    pd/mku